NOT FOR PUBLICATION                                              [Dkt. Ent. 18]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| MOORESTOWN TOWNSHIP BOARD OF EDUCATION, | |
| Plaintiff, | Civil No. 10-0312(RMB) |
| v. | **OPINION** |
| S.D. and C.D. on behalf of M.D., | |
| Defendants. | |

Plaintiff Moorestown Township Board of Education ("Plaintiff") seeks judicial review of an administrative determination that Plaintiff failed to offer M.D., a child with learning disabilities, a free and appropriate education in violation of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. Presently before the Court is Plaintiff's Motion to Expand the Record. For the following reasons, the Court denies Plaintiff's motion without prejudice and permits Plaintiff to proffer relevant additional evidence at the time of summary judgment.

**I. BACKGROUND**[1]

---

[1] The following facts are taken from Plaintiff and Defendant's statement of facts.

1

M.D. is a fourteen year-old boy with autism, ADHD, and sensory integration disorder, who resides in the Moorestown School District.  In September 2008, M.D.'s parents filed a due process petition on his behalf (collectively "Defendants") in the New Jersey Office of Administrative Law.  They alleged that Plaintiff had not provided M.D. with a free and appropriate public education ("FAPE") in violation of his rights under the IDEA, Section 504 of the Rehabilitation Act, 29 U.S.C. § 505(2), and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131(2).  Defendants argued that Plaintiff denied M.D. a FAPE by refusing to evaluate him or propose an appropriate Individualized Educational Plan ("IEP") for him on the grounds that he was not enrolled in Plaintiff's District at the relevant time. Plaintiff argued that New Jersey regulations pursuant to the IDEA did not require it to provide these services to privately enrolled students.  Defendants sought reimbursement for M.D.'s "unilateral placement" at the private Orchard Friends School for the 2006-07, 2007-08, 2008-09, and 2009-10 school years.[2]

On January 27, 2009, Plaintiff submitted a list of proposed witnesses, including three expert opinion witnesses to support the proposition that Plaintiff had complied with the law. Plaintiff listed Deborah McGee, Special Education Director at the

---

[2] The decision to place M.D. at Orchard Friends was made solely by M.D.'s parents and without Plaintiff's recommendation.

Burlington County Office of Education, and John Worthington from the New Jersey Department of Education, as potential witnesses on the "[New Jersey] Department of Education's position regarding a board of education's responsibilities as to non-public students." Plaintiff also listed Josephine Mercantile-Bocci, former Director of the Burlington County Office of Education, as a potential witness on "related services provided by the Burlington County Office of Education to non-public students, including those students attending Orchard Friends School." Def.'s Ex. C.

On April 3, 2009, Plaintiff also attempted to supplement its witness list to include the testimony of Nathanya G. Simon, Esquire, to provide "expert testimony regarding what services a school district is required to provide to non-enrolled, privately placed students under applicable federal and state laws and regulations." Def.'s Ex. D. Plaintiff offered Ms. Simon's curriculum vitae, which showed that she is a partner in a law firm, which represents schools boards and regularly represents them in special education matters. See id.

On March 12, 2009, after Defendants filed a motion in limine to exclude the testimony of witnesses McGee, Worthington, and Mercantile-Bocci, Judge Stein excluded the witnesses but for Ms. Mercantile-Bocci, to the extent that she had any factual information regarding M.D. See Def.'s Ex. E 5:7-12. According to Defendants, Judge Stein handled the motion via a telephone

conference call on March 12, 2009 and agreed with Defendants that the proposed witnesses' testimony was irrelevant and improper because it would merely provide their interpretation of the law. See Def.'s Decl. ¶ 6.  The Court explained on the record on March 13, 2009, that "[Plaintiff's proposed witnesses] could be subpoenaed in every case to give their opinion, whereas, I am to reach the ultimate issue in this matter." See Def.'s Ex. E 5:2-5.

On April 14, 2009, Judge Stein heard a second motion in limine with regard to the proposed testimony of Ms. Simon, again via telephone conference.  See Def's Decl ¶ 7.  Although Judge Stein's decision was not included in the record, Defendant avers that he denied Plaintiff's request to call her as an expert witness as well.  See id.

Judge Stein did allow Barbara Fash, Plaintiff's representative and former Director of Special Education, to testify for two days, regarding her personal knowledge of M.D.'s case.  However, she was not permitted to give her interpretation of New Jersey and federal law and regulations.  See Def.'s Decl. ¶ 8.  Ms. Mercantile-Bocci testified for one day and was similarly permitted only to give factual testimony regarding M.D. See id.

In his Order dated December 11, 2009, Judge Stein determined that Plaintiff had denied M.D. a FAPE and ordered Plaintiff to reimburse M.D.'s parents for the 2007-08, 2008-09, and 2009-10

4

school years. [Dkt. Ent. 1, Notice of Removal.]  Plaintiff subsequently appealed Judge Stein's decision as an "aggrieved party" pursuant to 20 U.S.C. § 1415(i)(2).

Plaintiff now moves to expand the administrative record. Although it is unclear what additional evidence Plaintiff seeks to add to the record, see infra Part IV, Plaintiff suggests that it may include the testimony excluded below.  See Pl.'s Br. 4, 6-8 (Apr. 7, 2010).

## II. JURISDICTION

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3)(A).

## III. LEGAL STANDARD

### a. Judicial Review Under the IDEA

The IDEA authorizes judicial review of administrative decisions, stating in relevant part:

> Any party aggrieved by the findings and decision made [in an impartial due process hearing conducted by a state or local educational agency] . . . shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy. . . . .
>
> In any action brought under this paragraph, the court –
> (i) shall receive the records of the administrative proceedings;
> (ii) <u>shall hear additional evidence at the request of a party</u>; and
> (iii) basing its decision on the preponderance of the

>      evidence, shall grant such relief as the court
>      determines is appropriate.

20 U.S.C. §§ 1415(i)(2)(A, C) (emphasis added).

Because the IDEA specifically requires the district court to hear "additional evidence at the request of a party," the court need only give "due weight" to the factual findings of the administrative court, rather than apply the more deferential "substantial evidence" standard.  See Bd. of Educ. of Hendrick Hudson Centr. Sch. Dist. v. Rowley, 458 U.S. 176, 206 (1982); Susan N. v. Wilson Sch. Dist., 70 F.3d 751, 757 (3d Cir. 1995) (citing Murray v. Montrose County Sch. Dist., 51 F.3d 921, 927 (10th Cir. 1995) (quoting Bd. of Educ. v. Ill. State Bd., 41 F.3d 1162, 1167 (7th Cir. 1994)).  The Third Circuit has construed the "due weight" standard as a modified version of de novo review, see Antoine M. v. Chester Upland Sch. Dist., 420 F. Supp. 2d 396, 401 (E.D. Pa. 2006) (citing S.H. v. State-Operated Sch. Dist. of Newark, 336 F.3d 260, 269 (3d Cir. 2003)), meaning that the "[f]actual findings from the administrative proceedings are to be considered prima facie correct," so that "if a reviewing court fails to adhere to them, it is obliged to explain why."  S.H., 336 F.3d at 271.  The underlying rationale is that the district court should not "substitute its own notions of sound educational policy for those of local school authorities."  Id.  "Less weight is due to an agency's determinations on matters for which educational expertise is not relevant because a federal court is

just as well suited to evaluate the situation.  See e.g., Deal v. Hamilton County Bd. of Educ., 392 F.3d 840, 849 (6th Cir. 2004) cert. denied 546 U.S. 936 (2005) (internal citations omitted); R.C. v. York Sch. Dep't, No. 07-cv-177, 2008 WL 4427194 at *18 (D. Me. Sept. 25, 2008).

**b. The Admission of Additional Evidence**

The decision to admit or exclude "additional evidence" in an IDEA judicial review proceeding falls within the discretion of the trial court.  Susan N., 70 F.3d at 760 (internal citations omitted).  Courts have rejected a bright-line rule as to when certain evidence may be excluded out of deference to the administrative proceedings.  See id. (citing Town of Burlington v. Dep't of Educ. for Mass., 736 F.2d 773, 790-91 (1st Cir. 1984), aff'd, 471 U.S. 359 (1984)).  Instead, the district court must conduct an analysis that considers whether the proffered evidence is "relevant, non-cumulative and useful in determining whether Congress' goal has been reached for the child involved." Susan N., 70 F.3d at 760 (emphasis added).  This is a fact-specific inquiry that turns on the context of the case.  See Antoine M., 420 F. Supp. 2d at 402 (noting that the district court's "analysis should be individualized to the particular circumstances before the court").

The district court must be careful not to allow additional evidence that might "change the character of the hearing from one

7

of review to a trial de novo." R.P. v. Ramsey Bd. of Educ., No. 06-cv-5788, 2008 WL 4371368 at *3 (D.N.J. Sept. 17, 2008) (citing Burlington, 736 F.2d at 791). Underscoring this principle, the First Circuit has advised that in ruling on an additional evidence motion, "a court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, . . . the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources." Burlington, 736 F.2d at 791. District courts have excluded testimony where the proposed additional witnesses had no knowledge of relevant facts and their testimony would "not assist the Court in making a determination as to whether the District satisfied its legal obligations under federal and state law." Alex K. v. Wissahickon Sch. Dist., No. 03-cv-854 2004 WL 286871 *7 (E.D. Pa. Feb. 12, 2004) (excluding three witnesses who had no knowledge of relevant facts); see also Bernardsville Bd. of Educ. v. J.H., 42 F.3d 149 (3d Cir. 1994) (affirming district court and ALJ's exclusion of testimony about J.H.'s subsequently developed individualized educational plan, because it was not at issue in the present litigation).

## IV. DISCUSSION

Plaintiff moves to expand the administrative record to include the following additional evidence: (1) "supplemental factual testimony detailing [both] the regulatory process for the

provision of services to students enrolled in non-public schools," and the services provided to those students, (2) "supplemental expert opinion testimony as to whether the Board complied with the regulatory system developed by the New Jersey Department of Education for the provision of services to students enrolled in non-public or private schools," and (3) "supplemental expert opinion testimony as to whether the system developed by the New Jersey Department of Education is consistent with federal law."  Pl.'s Reply Br. 5 (Apr. 26, 2010).  Plaintiff argues that its proffered testimony "seeks to offer the Court a greater understanding of a regulatory system, governed by New Jersey regulations," which is of "critical significance" on this appeal.[3]  Id. at 7.

Plaintiff, however, does not explain why this testimony is so crucial and fails to support its argument with case law.  Significantly, Plaintiff also does not explain how this testimony - which appears simply to provide mere legal analysis - is relevant to the issue before the Court; namely, whether Plaintiff violated M.D.'s rights by refusing to assess M.D. or propose an IEP for him on the grounds that he was not enrolled in a Moorestown public school at the relevant time.

Although Plaintiff's first request alleges that the

---

[3] It appears that Judge Stein excluded a narrower, more specific version of this proposed testimony in his administrative proceeding.  See supra Part I.

proffered testimony is "factual," it does not relate to any fact at issue in this case. Rather, Plaintiff essentially proposes a tutorial on how the "regulatory process" operates.[4] Plaintiff seeks to offer testimony by representatives of the New Jersey Department of Education, Plaintiff's Board of Education, and the Burlington County Educational Services Unit, regarding their interpretation of the "regulatory process" in place. Pl's Br. 9 (filed Apr. 7, 2010).

Similarly, in its second and third requests, Plaintiff seeks to admit expert opinion testimony as to whether Plaintiff complied with the New Jersey Department of Education's regulations and whether these regulations comply with federal law. Plaintiff argues that it "does not seek to provide an interpretation of federal regulation." See Pl.'s Reply Br. 7 (emphasis added). The plain language of Plaintiff's requests, however, indicates that the proffered testimony would, in fact, provide an interpretation of New Jersey regulations and federal law. See supra; Id. at 5. If an expert witness testifies as to whether Plaintiff complied with certain regulations and whether those regulations comply with federal laws, that testimony necessarily involves the expert's personal interpretation of the

---

[4] Although Plaintiff does not specify, presumably it refers to the New Jersey Department of Education's "regulatory process," since its second and third requests refer to "the regulatory system developed by the New Jersey Department of Education." See Pl.'s Reply Br. 5.

regulations or laws at hand.

It is well-settled that matters of statutory construction are not a proper subject for expert testimony, but rather, questions of law to be resolved by the Court. See, e.g., Bammerlin v. Navistar Intern. Transp. Corp., 30 F.3d 898, 900-01 (7th Cir. 1994) (the meaning of federal regulations is a question of legal interpretation to be resolved by the court and not a question of fact to be argued by expert witnesses); Stissi v. Interstate & Ocean Transp. Co., 765 F.2d 370, 374 (2d Cir.1985) ("When a decision turns on the meaning of words in a statute or regulation, the decision is one of law which must be made by the court.") (internal citations omitted); Contini by Contini v. Hyundai Motor Co., 876 F. Supp. 540, 542 (S.D.N.Y. 1995) (finding that a matter of statutory construction is "an issue for the Court" and should therefore "not be a subject for expert testimony"). See generally 33A Fed. Proc. § 80:283 (Sept. 2010).

However, although experts generally may not testify to what the law requires or whether a party complied with the law, they may sometimes testify on the specific issue of how a government agency applies and enforces its regulations in the context of a complex regulatory regime. Cf. United States v. Monaghan, 648 F. Supp. 2d 658, 661 (E.D. Pa. 2009) (construing United States v. Davis, 471 F.3d 783 (7th Cir. 2006), as allowing experts to "testify on the specific issue of how a government agency applies

11

and enforces its regulations," but only in the context of a "complex regulatory regime"). <u>See generally</u> 33A Fed. Proc. § 80:283 ("While the interpretation of statutes normally is [a] question of law which does not require expert testimony, expert testimony reaching legal conclusions may be admissible where testimony concerns state law or technical provisions peculiar to an industry.") (citing <u>Applegate v. United States</u>, 35 Fed. Cl. 406 (1996); <u>Stearns Co. v. United States</u>, 34 Fed. Cl. 264 (1995)).

Accordingly, the Court will not admit Plaintiff's proffered testimony insofar as it constitutes statutory interpretation or legal analysis.  Although the Court may allow certain public officials to testify as to how they have applied and enforced their regulations if the statutory structure's complexity requires such testimony (and the Court finds it relevant), Plaintiff has failed to assert such an argument or even describe the proffered testimony in sufficient detail.  As such, the Court does not consider this argument.

In fact, the Court notes that Plaintiff has not proposed specific witnesses, but asks the Court for broad authorization to allow "supplemental evidence from such witnesses <u>as may be necessary</u>, including representatives of the Board, representatives of the New Jersey Department of Education, and representatives of the Burlington County Educational Services

Unit." Pl's Br. 9 (Apr. 7, 2010) (emphasis added).

Such a broad and undefined expansion of the record was surely not contemplated by the IDEA. As discussed in Part III, Plaintiff has some right to present additional evidence, but "this right is not boundless." <u>Jones v. Washington County Bd. of Educ.</u>, 15 F. Supp. 2d 783, 786 (D. Md. 1998). Courts have warned against a "lax interpretation of 'additional evidence,' [which] would reduce the proceedings before the state agency to a mere dress rehearsal by allowing appellants to transform the Act's judicial review mechanism into an unrestricted trial <u>de novo</u>." <u>Springer v. Fairfax County Sch. Bd.</u>, 134 F.3d 659, 667 (4th Cir. 1998) (quoting <u>Roland M. v. Concord Sch. Comm.</u>, 910 F.2d 983, 997 (1st Cir. 1990)); <u>see also</u> <u>R.P. v. Ramsey Bd. of Educ.</u>, 2008 WL 4371368 at *3 (D.N.J. Sept. 17, 2008) (citing <u>Burlington</u>, 736 F.2d at 791). Further, the Court must limit "additional evidence" to that which is "relevant, non-cumulative and useful in determining whether Congress' goal has been reached for the child involved." <u>Susan N.</u>, 70 F.3d at 760.

Given Plaintiff's broad and vague description of its proffered evidence – i.e. requesting the admission of unnamed witnesses to provide such testimony "as may be necessary" – the Court is at a loss to understand exactly what testimony Plaintiff wishes to include and by whom. This lack of clarity hampers the Court's ability to analyze the relevance, cumulativeness and

13

usefulness of the proposed evidence.  Further, given the broad reach of Plaintiff's request, the Court may run the risk of conducting a trial de novo by granting Plaintiff, in effect, a carte blanche, to expand the record.

Finally, Plaintiff fails to explain why witness testimony on the relevant regulations and laws is the appropriate means of conveying such information as opposed to legal argument.  If Plaintiff wishes to illuminate the meaning of these regulations further, Plaintiff can argue the relevant case law and legislative history in addition to the regulations and statutes themselves. In fact, Plaintiff has already explained its conduct in the instant case by citing to the regulations it allegedly followed in dealing with Defendants.[5]  Stated another way, if the witnesses Plaintiff seeks to introduce would merely mimic Plaintiff's interpretation of the laws or regulations, such testimony is not evidence, but rather, legal analysis or commentary.  It is of little use to the Court to hear testimony whose purpose is to argue that "it has always been done this way."

---

[5] See, e.g., Pl.'s Reply Br. 6 ("Upon the request of [Defendants], the Board offered to provide evaluations of M.D. through the Burlington County Education Services Unit, an independent agency engaged by the Board to provide services to students enrolled in non-public and private schools located in Moorestown Township, as specifically authorized through the non-public regulatory scheme.") (citing N.J.A.C. 6A:14-6.2(a); N.J.A.C. 6A:14-5.2(c)).

**V. CONCLUSION**

Accordingly, the Court denies Plaintiff's Motion to Expand the Record, but does so without prejudice.  The Court will permit Plaintiff to proffer additional evidence at the time of summary judgment only to the extent Plaintiff believes it is precluded from making its legal argument without such evidence.  <u>Cf.</u> <u>Jones</u>, 15 F. Supp. 2d at 786 (finding that in opposing summary judgment, a party needed to identify any additional evidence it might have to demonstrate that there existed a genuine issue of material fact).  An appropriate Order will issue herewith.

Dated: <u>October 15, 2010</u>          <u>s/Renée Marie Bumb</u>
                                       RENÉE MARIE BUMB
                                       UNITED STATES DISTRICT JUDGE